UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Lonnie W. Lotshaw,

            Petitioner

v.

LVCCC Halfway House and the Federal Bureau of Prisons,

            Respondents

Case No. 2:24-cv-00828-CDS-MDC

**Order Dismissing
Petition for Writ of Habeas Corpus
and Denying Motion to Dismiss Petition as Moot**

[ECF No. 9]

      Petitioner Lonnie Lotshaw initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on June 4, 2024. Pet., ECF No. 1. In the petition, Lotshaw asks this court to order the LVCCC Halfway House to apply all applicable First Step Act (FSA) time credits to his sentence. *Id.* at 8. On October 2, 2024, the defendant Federal Bureau of Prisons (BOP) filed a motion to dismiss the petition, arguing the petition contains several fatal flaws. *See generally* Mot. to dismiss, ECF No. 9. Lotshaw did not file an opposition or otherwise respond to the motion to dismiss. For the reasons discussed below, I deny the government's motion to dismiss as moot, dismiss Lotshaw's petition for writ of habeas corpus, and request that the Clerk of Court close this action.

---

[1] Habeas petitions under 28 U.S.C. § 2241 "must be brought . . . in the custodial court," i.e., the district in which the petitioner is in custody. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (citations omitted). Under Federal Rule of Evidence 201, the court takes judicial notice of the docket in District of Nevada case number 2:25-cr-00019-APG-EJY. Docket entry two is a transfer of jurisdiction from the District of Kansas to the District of Nevada. 2:25-cr-00019-APG-EJY at 2. Although official transfer of Lotshaw's supervision to this District occurred after the filing of this action, the court nonetheless presumes jurisdiction is appropriate as Lotshaw was released to the Las Vegas Halfway House, which is within the jurisdiction of this court. I further note there is no challenge to jurisdiction from the government.

I.          Discussion

Under Article III, Section II of the U.S. Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted). To determine whether a case meets the "case and controversy" requirement, federal courts consider various doctrines, including "standing," "ripeness," and "mootness." *See Poe v. Ullman*, 367 U.S. 497, 502–05 (1961). Further, to maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *throughout* the course of the litigation. *Lewis*, 494 U.S. at 477 (emphasis added). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).

Absent collateral consequences, a "habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *Kelley v. Brewer*, 2023 U.S. Dist. LEXIS 67706, *6 (E.D. Cal. Apr. 18, 2023) ("[T]here is nothing capable of being redressed by a favorable judicial decision because the BOP has already calculated his FSA credits and released [the petitioner]. In other words, petitioner's case is moot absent demonstrable collateral consequences arising from BOP's calculation of his FSA credits."). In resolving BOP's motion to dismiss, the court learned that Lotshaw is no longer in BOP custody as of December 10, 2024.[2]

Because Lotshaw is no longer in BOP custody and there are no collateral consequences raised in the petition, Lotshaw's claim is moot so this court cannot grant the relief he seeks. *Alvarez v. Arviza*, 2023 U.S. Dist. LEXIS 216117, at *6 (E.D. Cal. Dec. 5, 2023) (citing *Fower v. Birkholz*, 2023

---

[2] I take judicial notice of this information from the Bureau of Prisons website, https://www.bop.gov/inmateloc/ (last accessed March 28, 2025). *See* Fed. R. Evid. 201. Lotshaw's register number is 28746-048.

WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained the relief he sought in the Petition — release from BOP custody after the application of his FSA credits."))). Consequently, Lotshaw's petition is moot, which deprives this court of jurisdiction to consider any claims raised in the petition, so I dismiss the petition and deny the BOP's motion to dismiss as moot.

II.   Conclusion

IT IS THEREFORE ORDERED that Lotshaw's petition for writ of habeas corpus **[ECF No. 6] is dismissed.**

IT IS FURTHER ORDERED that BOP's motion to dismiss **[ECF No. 9] is DENIED as moot**.

The Clerk of Court is kindly directed to close this case.

Dated: March 31, 2025

_____
Cristina D. Silva
United States District Judge